COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NOS.  2-05-308-CR

        2-05-309-CR

MARTIN CRAIG FLEECE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Martin Craig Fleece appeals from his convictions for debit card abuse and unauthorized use of a motor vehicle.  In two points, Appellant argues that the trial court erred by denying his motion for continuance to permit his expert witness to testify at trial and by refusing to admit into evidence the record of the same witness’s pretrial testimony.  We affirm.

Background

Christopher Freed owns an ambulance service and operates a single ambulance.  On February 25, 2004, Freed left his ambulance at the apartment complex where he routinely parked the vehicle.  In keeping with industry custom, Freed left a set of keys under the driver’s seat and a debit card in the head liner.  On February 26, Freed discovered that the ambulance was missing and called the police. 

A police officer found Freed’s ambulance parked in a roadway.  Appellant was sitting in the back of the ambulance and identified himself to police as Christopher Freed.  Also in the ambulance were cleaning supplies, as well as clothing and personal hygiene products, purchased at Wal-Mart with Freed’s debit card. 

The police arrested Appellant.  Appellant made a statement in which he admitted that he took the ambulance and bought the cleaning supplies with the debit card.  He stated that he started the ambulance to get warm, but then drove away in it because passers-by were looking at him and made him feel uncomfortable.  He found the debit card and decided that the ambulance was dirty, so he stopped to buy the cleaning supplies.  Appellant said that he drove to a friend’s house in Lancaster where he intended to wash the ambulance, but he changed his mind because he didn’t want his friend to know that he had the ambulance.  He then drove back to Fort Worth, where the ambulance ran out of gas. 

A grand jury indicted Appellant for debit card abuse and unauthorized use of a motor vehicle.  The trial court set the cases for trial for July 25, 2005.  On July 18, Appellant’s counsel learned that Dr. J. Randall Price, a clinical and forensic psychologist retained by counsel to testify on Appellant’s behalf, would be unavailable for trial.  Counsel filed verified motions for continuance to postpone the trial until Dr. Price was available.

The trial court heard Appellant’s motions for continuance on July 21.  Dr. Price testified at the hearing.  Dr. Price said that he interviewed Appellant and administered several psychological tests to him.  In Dr. Price’s opinion, Appellant is bipolar and experiences intermittent manic episodes.  According to Dr. Price, Appellant thought that the ambulance’s owner would give him a job as an ambulance driver if he took the ambulance and cleaned it.  Dr. Price testified that this incident was “a really good example of a manic episode.”  On cross-examination, he agreed that Appellant was capable of forming the intent to take the ambulance at the time of the offense.  Significantly, Dr. Price did not testify that Appellant thought he had the owner’s consent to take the ambulance or use the debit card.  The trial court determined that Dr. Price’s testimony was irrelevant and overruled Appellant’s motions for continuance. 

After the State rested at trial, Appellant reurged his motions for continuance; the trial court stood by its earlier ruling.  Appellant then moved to admit into evidence the transcript of the July 21 hearing; the trial court denied that motion, too.

The jury found Appellant guilty of both offenses.  The trial court assessed punishment at seventeen months’ confinement in the state jail for each offense, with the sentences to run concurrently. 

Discussion

In two points, Appellant argues that the trial court erred by denying his motions for continuance and by excluding the transcript of Dr. Price’s pretrial testimony from evidence.

We review the trial court’s refusal to grant a continuance under an abuse of discretion standard.  
Wright v. State
, 28 S.W.3d 526, 532 (Tex. Crim. App. 2000), 
cert. denied
, 531 U.S. 1128 (2001).  Likewise, we review the trial court’s decision to admit or exclude evidence under an abuse of discretion standard.  
Burden v. State
, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001).  We will not reverse a trial court’s ruling on the admission of evidence as long as the ruling is within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991) (op. on reh’g).

Relevant evidence is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.  
Tex. R. Evid.
 401.  To determine whether the trial court abused its discretion when it ruled that Dr. Price’s testimony was irrelevant, we turn to the penal code’s definitions of the charged offenses.

A person commits the offense of debit card abuse if, with intent to obtain a benefit fraudulently, he presents or uses the debit card with knowledge that the card has not been issued to him and is not used with the effective consent of the cardholder.  
Tex. Penal Code Ann.
 § 32.31(b)(1)(A) (Vernon 2002).  A person commits the offense of unauthorized use of a motor vehicle if he intentionally or knowingly operates a vehicle without the effective consent of the owner. 
 Id.
 § 
31.07(a) (Vernon 2002).

At the July 21 hearing, Appellant argued that Dr. Price’s testimony was relevant to the issue of Appellant’s knowledge that he lacked the owner’s effective consent to use the debit card and ambulance.  We agree with the trial court’s assessment that Dr. Price’s testimony was irrelevant to the knowledge-of-consent issue.  Dr. Price did not testify that Appellant’s manic episode caused him to believe that he had the owner’s consent to use the debit card or take the ambulance.  At most, Dr. Price’s testimony suggests that Appellant believed the owner would be so grateful to Appellant for having cleaned the ambulance that he would give Appellant a job, and the unspoken inference in that belief is that the grateful owner would retroactively consent to Appellant’s use of the debit card and ambulance.  But that is not relevant to whether Appellant believed 
at the time of the offense 
that the owner consented to his use of the ambulance and debit card.

Appellant argues that Dr. Price’s testimony was admissible as evidence of “diminished capacity.”  Texas does not recognize diminished capacity as an affirmative defense, that is, a lesser form of the defense of insanity.  
Jackson v. State
, 160 S.W.3d 568, 573 (Tex. Crim. App. 2005).  But Texas does recognize the diminished-capacity doctrine as a simple failure-of-proof defense in which the defendant claims that the State failed to prove that the defendant had the required state of mind at the time of the offense.  
Id.
  A defendant may present evidence which the jury may consider to negate the 
mens rea
 element, and this evidence may sometimes include evidence of the defendant’s history of mental illness.  
Id
. at 574.  
Jackson
 was a murder prosecution, and the court of criminal appeals pointed to code of criminal procedure article 38.36(a), which provides that the defendant in all murder prosecutions shall be permitted to offer testimony as to all relevant facts and circumstances tending to show the condition of the defendant’s mind at the time of the offense, as the basis for admitting evidence regarding the defendant’s mental state at the time of the murder.  
Id.
; 
see 
Tex. Code Crim. Proc. Ann.
 art.
 38.36(a) (Vernon 2004).  The court noted that the trial judge “may determine whether mental-illness evidence may be presented”; in other words, the admission of such evidence is within the trial court’s discretion.  
Jackson
, 160 S.W.3d at 575.

There is no analogue to article 38.36(a) that specifically makes mental-illness evidence relevant to prosecutions for debit card abuse and unauthorized use of a motor vehicle.  Moreover, Dr. Price’s testimony does not tend to negate the culpable mental state for the charged offenses; rather, it simply provides an excuse or explanation for Appellant’s intentional acts.  
See
 
id
. at 572 (noting that the evidence of the appellant’s mental illness “simply provides a motive for the intentional act”).

We hold that the trial court did not abuse its discretion when it ruled that Dr. Price’s testimony was irrelevant and inadmissible.  It follows that the trial court did not abuse its discretion when it denied Appellant’s motions for continuance and his motion to introduce Dr. Price’s pretrial testimony into evidence.

We overrule Appellant’s two points and affirm the trial court’s judgments.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, GARDNER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  December 14, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.